UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZAK OWEN, *et al.*,

        Plaintiffs,

v.                                                                                  ACTION NO. 2:25cv598

VIRGINIA FAIR HOUSING
OFFICE DPOR, *et al.*,

        Defendants.

## DISMISSAL ORDER

Plaintiffs, appearing *pro se*, paid the requisite fees and filed a Complaint against Defendants on September 22, 2025. Compl., ECF No. 1; Receipt, ECF No. 1-1. The Clerk prepared service packets and sent the service packets to Plaintiffs via United States Mail. Because Plaintiffs paid the filing fees when they initiated this action, Plaintiffs were responsible for serving the Complaint on Defendants, pursuant to the Federal Rules of Civil Procedure, within 90 days after they filed their Complaint. *See* Fed. R. Civ. P. 4(m) (explaining that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

On December 22, 2025, i.e., the date by which Plaintiffs were required to serve Defendants, Plaintiffs filed a Motion for Extension. Mot. Extension at 1, ECF No. 3. In their motion, Plaintiffs simply stated: "Requesting and extensions Do to fact one

and or more persons involved in case has/have exacerbated medical issues. Requesting a list of servers." *Id.* (errors in original).

Upon review, the Court determined that Plaintiffs did not adequately establish that their requested deadline extension was warranted. Order at 2, ECF No. 4. Nevertheless, in deference to Plaintiffs' *pro se* status, the Court provided Plaintiffs with a short extension of time to serve Defendants with process. *Id.*

In an Order entered on June 1, 2026, the Court granted Plaintiffs' Motion for Extension in part and stated:

> Plaintiffs are **ORDERED** to (1) properly serve Defendants with process, in accordance with the Federal Rules of Civil Procedure, within 21 days from the date of entry of this Order; and (2) file a Proof of Service with the Court that describes the date and manner by which Plaintiffs served Defendants. Plaintiffs are ADVISED that this action may be dismissed without prejudice if Plaintiffs fail to comply with the terms of this Order. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 41(b).

*Id.* (footnoted omitted).[1]

More than twenty-one days have passed, and Plaintiffs did not establish that they served Defendants with process and did not otherwise respond to the Court's June 1, 2026 Order. Accordingly, this matter is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b) (explaining that the Court may dismiss an action when a plaintiff fails to prosecute the action or fails to comply with an Order of the Court).

---

[1] The Court denied Plaintiffs' Motion for Extension as to Plaintiffs' request for a "list of servers" because the Court does not maintain such a list. Order at 2 n.1, ECF No. 4.

Plaintiffs may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days of the date of entry of this Dismissal Order. If Plaintiffs wish to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to Plaintiffs.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
July 7, 2026

3